**Jose A. SOTO, Plaintiff, Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE, Defendant, Appellee.**

No. 89–2123.

United States Court of Appeals, First Circuit.

Submitted May 9, 1990.

Decided June 6, 1990.

**538**

Luis Angel Lopez Olmedo, Santurce, P.R., on brief, for plaintiff, appellant.

Joan C. Goodrich, Office of Labor Law, U.S. Postal Service, Daniel F. Lopez–Romo, U.S. Atty., Fidel A. Sevillano Del Rio, Asst. U.S. Atty., and Jesse L. Butler, Asst., Gen. Counsel, on brief, for defendant, appellee.

Before SELYA and CYR, Circuit Judges, and ROSENN,* Senior Circuit Judge.

ROSENN, Senior Circuit Judge.

Jose A. Soto, a former postal worker, brought a discrimination claim under 29 U.S.C. § 791, against the United States Postal Service (Postal Service) claiming that it had wrongfully discharged him because of what he euphemistically describes as a handicap, drug addiction. The United States District Court for the District of Puerto Rico, upon motion by the Postal Service, granted summary judgment on statute of limitations grounds. It ruled that Soto had filed the complaint against an improper defendant and that it should have been filed against the Postmaster General. Because the statute of limitations barred any amendment, it refused to allow the addition of the Postmaster General as a defendant. Soto appeals.[1] Based upon this court's most recent decision in *Rys v. United States Postal Service*, 886 F.2d 443 (1st Cir.1989), we affirm the district court's dismissal of Soto's action.

## I.

The Postal Service terminated Soto from his position as distribution clerk in the San Juan, Puerto Rico, Post Office. After a review, which found Soto often had been absent from work without permission and had failed to meet the requirements of his position, it officially dismissed him. Soto appealed his dismissal to the Merit Systems Protection Board (MSPB), alleging that his discharge was impermissibly based upon his drug dependency in violation of the Rehabilitation Act of 1973 (29 U.S.C. § 791). The MSPB Administrative Law Judge (ALJ) affirmed the Postal Service's decision, and the MSPB by final order and decision denied Soto's petition for review. Soto then appealed to the Equal Employment Opportunity Commission (EEOC), which concurred with the MSPB, the ALJ, and the Postal Service.

Upon reaching its decision the EEOC sent Soto a "Notice of Right to File a Civil Action," informing him of his right to bring a civil action. The notice advised Soto of his right to file a civil action in the appropriate United States District Court and specifically warned that failure to provide the name or official title of the agency head may result in the loss of judicial redress. In relevant part it stated:

> You are further notified that if you file a civil action, <u>YOU MUST NAME THE AP-</u>

---

* Of the Third Circuit, sitting by designation.

1. The trial court exercised jurisdiction pursuant to 5 U.S.C. § 7702. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

PROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT. Rule 25(d)(2) of the Federal Rules of Civil Procedure provides that you may describe the defendant by official title rather than by name. Failure to provide the NAME OR OFFICIAL TITLE of the agency head or, where appropriate, the department head, may result in the loss of any judicial redress to which you may be entitled. (Please note: For this purpose, Department means the overall national organization, such as the now defunct Department of Health, Education and Welfare, *not* the local administrative department where you might work.) You must be sure that the proper defendant is named when you file your civil action.

(Emphasis, both upper case and underlines, in original). Soto received this letter on June 18, 1987.

On Friday, July 17, 1987, thirty days after he received the letter, Soto filed a motion to proceed *in forma pauperis*, and a pro se complaint in the form of a letter with the United States District Court of Puerto Rico. In the caption and body of the letter-complaint, Soto revealed his intention to "file a civil action against the U.S. Postal Service for firing me from my work." The court granted Soto's *in forma pauperis* motion and the complaint was officially filed on July 22, 1987. The summons, however, named the "U.S. Postal Service" as the defendant, and process was not served until December 15, 1987. A private process server's return showed service upon the "U.S. Postal Service" in San Juan, Puerto Rico, and a United States Marshal returned a similar service on the United States Attorney in San Juan on December 21, 1987. It is unknown why the summonses were not issued until December 15.

In an extraordinary volley of motions, the Postal Service moved for dismissal on several grounds, primarily alleging that the plaintiff did not sue a proper party and that the statute of limitations had run. On April 29, 1988, plaintiff sought and obtained an extension of time to answer so that he might obtain legal counsel. Soto's

counsel filed a motion on May 2, 1989, to amend the complaint to add the Postmaster General as a defendant. The complaint was referred to a magistrate, who recommended that the Postal Service's motion to dismiss be granted. The magistrate found the Postmaster General was the only proper defendant, and that *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), barred Soto's attempt to amend. The magistrate found no circumstances to justify equitably tolling the statute of limitations. The district court adopted the magistrate's findings and dismissed the action. Soto appealed to this court, claiming that legal and equitable principles require that he be permitted to amend the complaint and have his day in court.

## II.

■ Section 7703(b)(2) of Title 5 requires that employment discrimination cases of this nature be brought under Title VII, which requires that all claims be brought against the "head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e–16(c). In cases brought against the Postal Service, the Postmaster General is the only properly named defendant. *Rys v. U.S. Postal Service*, 886 F.2d at 445. A district court should dismiss claims brought against all other defendants, including the U.S. Postal Service and the local postmaster. *Lamb v. United States Postal Service*, 852 F.2d 845, 846–47 (5th Cir.1988). Soto brought his claim against only the United States Postal Service. Only if Soto were to amend the complaint by adding the Postmaster General would the claim be cognizable. Soto's proposed amendment, however, is barred by the statute of limitations.

■ A federal employee, such as Soto, has only thirty days from receiving his right-to-sue letter from the EEOC to file a civil action. 42 U.S.C. § 2000e–16(c); *see Rys, supra.* Soto's thirty days ran on July 17, 1987, the date on which he filed his initial complaint. The proposed amendment does not relate back to this date,

though, because service was not accomplished within the same thirty-day limitations period, as required under Fed.R. Civ.P. 15(c). *See Schiavone, supra; Rys, supra.*

Although the Supreme Court has announced that "the spirit and inclination of the rules favored decision on the merits," *Schiavone,* 477 U.S. at 27, 106 S.Ct. at 2379, and that decisions on the merits are not to be avoided on the basis of technicalities, it also has concluded that the plain meaning of the Rule may not be tempered merely by the elements of hardship and sympathy. *See id.* at 30, 106 S.Ct. at 2383. The Supreme Court has strictly construed Rule 15(c) to allow amendments to add a party only when:

(1) the basic claim [arose] out of the conduct set forth in the original pleading; (2) the party to be brought in [has] received such notice that it will not be prejudiced ...; (3) that party must or should have known that, but for the mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384. Specifically, this requires that the party to be added receive formal notice of the claim before the statute of limitations runs; it does not allow amendment if service, though timely under the Federal Rules, *see* Fed.R.Civ.P. 4, was not effectuated prior to the running of the statute of limitations for the filing of the claim. *Id.* at 30, 106 S.Ct. at 2384.

The facts of *Schiavone* make it apparent that even if the originally named party is virtually an alter ego of the party to be added by amendment and would not be prejudiced by the late amendment, amendment will not be allowed if the proper defendant was not served within the limitations period. In *Schiavone,* the plaintiff sued Fortune magazine, which was not an independent entity, but a publication of Time, Inc. The Court held that because Time was not effectively served within the limitations period, though it was served

within the time allowed under Fed.R.Civ.P. 4, amendment to make Time a defendant was not permissible. Thus, it is unavailing here that the Postmaster General is intimately connected with the Postal Service and, in fact, is being sued in his capacity as head of the Postal Service.

Although it is undisputed that the allegations in the complaint as amended are unaltered except for the correct name of the defendant, and that the Postmaster General would not be prejudiced by the amendment, it is also undeniable that service was not accomplished until after the thirty-day statute of limitations period had run. Soto did not initially *file* his complaint until the final day before the statute of limitations ran, July 17, 1987. Thus, his claim was doomed from the outset, because only virtually instantaneous service would have preserved his ability to later amend to add the proper party. Service, in fact, was far from instantaneous; service of process was not achieved until December 15, 1987. Under *Schiavone*'s rigid ruling, the district court correctly denied Soto's motion to amend, unless we determine that the statute of limitations should have been equitably tolled. *See Rys, supra; Williams v. Army and Air Force Exchange Service,* 830 F.2d 27, 29–30 (3d Cir.1987). We perceive no circumstances in this case to mandate such tolling of the statute of limitations.

▮ This court, despite never formally deciding that the equitable tolling of claims against the federal government is permissible, *Rys,* 886 F.2d at 445–46, "hew[s] to a 'narrow view' of equitable exceptions to Title VII limitations periods." *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 185 (1st Cir.1989). The Supreme Court has also limited the availability of equitable modifications to Title VII statute of limitations to cases in which:

a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her,

... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (citations omitted). A showing of a mere lack of prejudice to the defendant is not enough to justify tolling the statute; there must also be an affirmative showing that one of the named equities existed. *Id.* at 151–52, 104 S.Ct. at 1725–26.

In the instant case, Soto's primary contention is that the right-to-sue letter was confusing, and led him to believe that the U.S. Postal Service was a proper defendant. We reviewed a nearly identical right-to-sue letter in *Rys* and rejected equitable tolling based upon the letter's alleged ambiguity. We held that it was apparent from the letter read in context " ... that a plaintiff must name the head of an agency or department...." *Rys*, 886 F.2d at 447 (citations omitted). We find no facts, nor has Soto directed us to any, in the instant case which distinguish it from *Rys*. Thus, we are compelled to hold that the alleged lack of clarity in EEOC's letter did *not* require the district court to equitably toll the thirty-day statute of limitations.

As we noted in *Rys*, it is no excuse, legally, that Soto was proceeding pro se. *Id.* at 448. Soto "has failed to name the appropriate defendant in his complaint, and he has not proven such active deception by the government and diligence by himself that would justify the invocation of an equitable exception to remedy his mistake." *Id.* The court denied Soto the ability to amend his complaint and dismissed his complaint because he failed to file it until the last day of the limitations period. He has provided no explanation for this delay. Thus, we consider it irrelevant, in determining whether the statute of limitations should have been equitably tolled, that he was delayed by an inability to retain counsel *after the claim was filed* and that process did not issue in a timely manner. Even assuming that he had not encountered these delays, his motion to amend, absent the virtual impossibility of instantaneous service, still would have been barred under the Federal Rules.

### III.

In sum, the district court correctly ruled that Soto did not file his complaint against the proper party and that *Schiavone* bars any amendment to add the Postmaster General. Additionally, there are no facts involved which would justify equitable tolling of the statute of limitations.

Accordingly, the judgment of the district court is AFFIRMED in all respects.