19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. HARRIS, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 93-5644.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert E. Harris, proceeding with counsel, appeals the district court order granting summary judgment in favor of defendant. The parties have waived oral argument. Harris has waived oral argument by silence. The defendant has expressly waived oral argument. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harris brought this action seeking a declaratory judgment, reinstatement, back-pay and an award of attorney's fees. In his complaint he challenged a Merit Systems Protection Board (MSPB or Board) decision affirming the propriety of his removal from employment with the United States Postal Service. The district court granted defendant's motion for summary judgment. Harris appealed. On appeal, Harris alleges that the MSPB's decision was: (1) arbitrary, capricious, an abuse of discretion and not in accordance with the law; (2) obtained without proper procedures required by regulations; and (3) unsupported by substantial evidence.
 
 
 3
 This is a "mixed case" because Harris joined two claims before the MSPB prior to filing his complaint. Harris argued: (1) He was fired because of his race and sex in violation of 42 U.S.C. Sec. 2000e-16(a); and (2) he was not fired for cause, as required by 5 U.S.C. Sec. 7513(a).
 
 
 4
 The claim that Harris was not fired for cause is reviewed under 5 U.S.C. 7703(b)(2). Ballard v. Tennessee Valley Authority, 768 F.2d 756, 757 (6th Cir.1985); Polcover v. Secretary of Treasury, 477 F.2d 1223, 1225-28 (D.C.Cir.), cert. denied, 414 U.S. 1001 (1973). The case was heard by an administrative law judge (ALJ) who concluded that Harris was collaterally estopped from alleging that he was not fired for just cause because that issue had already been litigated and decided against Harris at arbitration. The district court affirmed the ALJ's application of collateral estoppel. Therefore, the issue is whether the district court's affirmation of the ALJ's application of collateral estoppel is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 5
 Upon review, we conclude that the administrative disposition of Harris's claim is well within the limitations imposed by 5 U.S.C. Sec. 7703(c). The district court's application of collateral estoppel was not arbitrary or capricious. In Kroeger v. United States Postal Serv., 865 F.2d 235, 238 (Fed.Cir.1988), the court held that an arbitrator's decision should be given collateral estoppel effect before the MSPB when the issues are identical, the issues were "actually litigated," the previous determination of that issue was necessary and, the party precluded was fully represented. Those conditions were met in this case.
 
 
 6
 The issues regarding Harris's firing were actually litigated at arbitration, are identical to the issues presented to the MSPB, and the parties were represented by counsel. Additionally, the district court determined that the arbitrator considered Harris's issues in accordance with the factors outlined in Metz v. Dep't of Treasury, 780 F.2d 1001, 1002 (Fed.Cir.1986).
 
 
 7
 Evidence was presented that Harris threatened his supervisor as she was escorting him from the facility. The arbitrator considered the supervisor's reactions (trembling and crying) and her apprehension of harm (Harris appeared to reach for something in his pocket--perhaps a weapon.). In addition, the arbitrator determined that Harris's intent was to cause harm to his supervisor, that his threats were not conditional and that he was in an extremely agitated state. Therefore, substantial evidence supports the MSPB's findings that Harris threatened his supervisor and failed to follow instructions.
 
 
 8
 Although Harris raised issues of sex and race discrimination before the MSPB, it is noted that he does not mention his discrimination claims in his brief on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Moreover, even if the issue had been properly preserved, Harris failed to establish a case of either race or sex discrimination in accordance with McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).
 
 
 9
 Accordingly, we conclude that the MSPB decision was correctly affirmed by the district court. Therefore, the district court's decision is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.