41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donna J. RIEHLE, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 94-1649.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: ENGEL, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se litigant moves for the appointment of counsel and appeals a district court judgment dismissing her claim filed pursuant to 29 U.S.C. Sec. 791. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory relief, reinstatement, back-pay, and benefits, Donna J. Riehle sued the Secretary of the Army, Michael P.W. Stone. Riehle claimed that the Department of the Army discriminated against her on the basis of handicap and violated her rights under the Rehabilitation Act of 1973, as amended, 29 U.S.C. Sec. 791 et seq., when it removed her from her job. The case was heard by an administrative law judge and the Merit System Protection Board (MSPB or Board) upheld the Army's action.
 
 
 3
 Upon review of the Army's motion for summary judgment on Riehle's discrimination claim, motion for summary judgment on Riehle's appeal of the MSPB decision, and Riehle's response, the district court granted summary judgment to the defendant. In her timely appeal, Riehle reasserts that she was wrongfully removed from her job and that the defendant discriminated against her based on handicap.
 
 
 4
 The court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 5
 This is a "mixed" case, which required the district court to review an appealable action from the MSPB and to also review Riehle's claim of handicap discrimination. See Ballard v. Tennessee Valley Auth., 768 F.2d 756, 757 (6th Cir.1985). In a mixed case a federal employee may seek review of a MSPB decision in a federal district court and have the facts regarding the discriminatory action reviewed de novo. 5 U.S.C. Sec. 7703(b)(2); Ballard, 768 F.2d at 757. Nondiscrimination claims, however, are reviewed on the administrative record under 5 U.S.C. Sec. 7703(c). Morales v. Merit Sys. Protection Bd., 932 F.2d 800, 802 (9th Cir.1991).
 
 
 6
 The district court properly granted summary judgment in favor of the defendant on Riehle's civil service claims. The court reviews these allegations under the standards set forth in 5 U.S.C. Sec. 7703. That section permits the overturning of the MSPB's decision only if the action, findings, or conclusions are found to be:
 
 
 7
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 9
 (3) unsupported by substantial evidence.
 
 
 10
 See Morales, 932 F.2d at 802; Harris v. Runyon, No. 93-5644, 1994 WL 102969, at * 1 (6th Cir. March 25, 1994).
 
 
 11
 The Army met its burden of showing that the MSPB decision was consistent with the civil service statute and regulations and that it had a rational basis supported by substantial evidence from the record. The administrative record reveals that Riehle was given a revised performance plan containing the job elements of her position and that the revised standards were issued only after several meetings were held with Riehle to discuss her job responsibilities. Similarly, the administrative record supports the finding that the Army communicated to Riehle the critical elements of her position, but that she refused to sign her revised standards indicating that she received them. In addition, the record clearly shows that the Army assisted Riehle in improving her performance by giving her a 90-day period in which to demonstrate acceptable performance. Riehle was given a letter that set forth in detail the deficiencies in her performance, and what she would have to do to improve her work; she also had periodic meetings with her supervisor to monitor her progress. Finally, Riehle was clearly given an opportunity to demonstrate acceptable performance. Not only did she receive all of the performance counseling set out above, but she also was given a 30-day trial period in another office to see if her work was satisfactory under different conditions.
 
 
 12
 In light of the foregoing evidence, Riehle was required, yet failed, to present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson, 477 U.S. at 248-49; LaPointe, 8 F.3d at 378. In response to the Army's motion for summary judgment, Riehle admitted that the Army followed appropriate procedures, but asserted that performance standards were unrealistically high. Riehle, however, did not offer any evidence to support her assertion.
 
 
 13
 The district court properly granted summary judgment to the defendant on Riehle's handicap discrimination claim because she failed to establish a prima facie case for handicap discrimination. Riehle claimed that her supervisors harassed and retaliated against her because of her handicap and that the harassment was designed to make it impossible for her to satisfy artificially high job requirements. In order to establish a prima facie case, Riehle must show that she is a handicapped person as defined by statute. 29 U.S.C. Sec. 706(7)(B)(i); Jasny v. United States Postal Serv., 755 F.2d 1244, 1248 (6th Cir.1985). Riehle claimed to be handicapped because she suffers from obesity, diabetes, and carpal tunnel syndrome. Riehle, however, presented no evidence that she is a "handicapped person" within the meaning of the statute and, even if she is a handicapped person, she presented no evidence that she was an "otherwise qualified" handicapped person or that her dismissal was based solely on her handicap.
 
 
 14
 In addition, Riehle is not a "handicapped person" as defined by the statute because she conceded that her inability to perform her job was unrelated to her impairments; rather, she argued that she could not do the job because no normal person could do the job. Consequently, Riehle is not an "otherwise qualified handicapped person" by the terms of the regulation because she must first show that she is a handicapped person. See 29 C.F.R. Sec. 1613.703(f); Jasny, 755 F.2d at 1248. Therefore, inasmuch as Riehle was not an otherwise qualified handicapped person, she was not fired based solely on her alleged handicap and, despite Riehle's failure to establish a prima facie case, the defendant showed that Riehle was fired for reasons other than her handicap.
 
 
 15
 Accordingly, the motion for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.