**William E. KIRKLAND, Plaintiff,**

v.

**Marvin T. RUNYON, Jr., Postmaster General of the United States Postal Service, Defendant.**

**Civ. A. No. C–1–93–353.**

United States District Court,
S.D. Ohio,
Western Division.

Jan. 31, 1995.

William Kirkland, pro se.

Gerald Francis Kaminski, U.S. Atty., Dept. of Justice, Cincinnati, OH, Michael Propst, U.S. Postal Service, Law Dept., Philadelphia Field Office, Philadelphia, PA, Christopher W. Zadina, U.S. Postal Service, Law Dept., Chicago, IL, for defendant Marvin T. Runyon, Postmaster General.

**ORDER: (1) DENYING DOCUMENTS 13 AND 31; (2) GRANTING DOCUMENT 22 AND DENYING DOCUMENT 29 REGARDING PLAINTIFF'S "JUST CAUSE" AND RETALIATION CLAIMS; (3) STAYING A RULING ON PLAINTIFF'S RACIAL DISCRIMINATION CLAIM; AND (4) ORDERING THE POSTAL SERVICE'S COUNSEL TO PROVIDE THE COURT WITH TRANSCRIPT CITES RELATIVE TO THE MERITS OF THAT LATTER CLAIM**

SHERMAN, United States Magistrate Judge.

■ This is a Merit Systems Protection Board (MSPB) appeal for which both parties

have consented to entry of final judgment by a United States Magistrate Judge. Plaintiff, an African–American, is currently employed as a mail handler by the United States Postal Service.[1] At issue is whether the Postal Service (1) acted without just cause, (2) discriminated against plaintiff on the basis of his race, or (3) retaliated against him, when it suspended him for seven-and-a-half months without pay for yelling at his boss the following: "I wish I had to throw up; I would throw up all over you[,] [y]ou mother f*cker. I hate you, and I'll get even. F*ck the job. That's all you people think about." Doc. 23 at 376. *See also id.* at 377–84; MSPB Hearing Transcript at 22–23. Now before the Court are the parties' cross motions for summary judgment.[2] *See* docs. 22 (Postal Service's motion), 29 (plaintiff's combined memorandum in opposition and cross motion), 32 (Postal Service's combined opposition to plaintiff's motion and reply to its own motion).[3] For the reasons set forth below, the Court grants judgment in the Postal Service's favor and affirms the MSPB's findings that plaintiff was suspended for just cause, and not retaliated against. The Court declines to rule on the merits of plaintiff's racial discrimination claim pending its receipt of supplemental briefing on the issue.

## I.

The material facts of this matter are undisputed: Plaintiff made the statements at issue on March 3, 1991, after his request for a one-day leave without pay was denied by Postal Service management. On April 11th of that year, plaintiff was removed from his job on the grounds that the language he had used was obscene and threatening, and his behavior disruptive. Plaintiff challenged that action by filing with the Postal Service two union grievances (later consolidated into one grievance), and a formal Equal Employment Opportunity ("EEO") complaint. In the consolidated grievance, plaintiff contested the non-discriminatory reasons for his removal, *i.e.,* that the removal was not for "just cause," doc. 23 at 42; in the EEO complaint, plaintiff argued that his removal was the result of race discrimination and retaliation for his filing of a workers' compensation claim, *id.* at 35, 380.

When resolution of his grievance proved unsuccessful, plaintiff and the Postal Service participated in non-binding arbitration, as provided for in the parties' collective bargaining agreement. In November 1991, an arbitrator denied the grievance and found that plaintiff's conduct, in yelling at his boss, was "vulgar, abusive and unacceptable." *Id.* at 48. However, the arbitrator determined that this "verbal abuse," since not constituting a threat of bodily harm, merited just a suspension without pay, not termination. *Id.* at 49–50. Since plaintiff had, by that time, been terminated for seven-and-a-half months, that term was deemed the length of his suspension. He was then reinstated without back pay. *Id.* at 50.

Thereafter, plaintiff's EEO complaint was denied by the Postal Service, which determined that plaintiff had not suffered from racial discrimination. *Id.* at 29. (For reasons unclear to the Court, plaintiff's retalia-

---

**1.** Because plaintiff appears *pro se*, his pleadings are liberally construed in his favor. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir.1992) (per curiam). Nonetheless, plaintiff's naming of specific Postal Service employees as defendants cannot stand; under 42 U.S.C. § 2000e–16(c), the proper named defendant is "the head of the department, agency, or unit" allegedly discriminating against plaintiff. Accordingly, plaintiff's motion to serve one or more of the other named defendants, *see* doc. 13 (previously stayed by doc. 28) is **DENIED**, and Marvin T. Runyon, the Postmaster General of the United States, is **SUBSTITUTED** as the sole party defendant.

**2.** The Court's jurisdiction over these motions is premised on 5 U.S.C. §§ 7702(a)(1), (b)(5)(A), § 7703(b)(2) and 42 U.S.C. § 2000e–16(c).

**3.** Subsequent to the filing of the Postal Service's summary judgment motion, the Court granted plaintiff's unopposed motion for leave to file a first amended complaint. *See* doc. 30. In the interest of justice, the parties were provided with an opportunity to amend their summary judgment pleadings, if needed. *See id.* Plaintiff has since sought leave to file a second amended complaint. *See* doc. 31. Recognizing that plaintiff complains in that latter document of issues unrelated to the merits of this appeal, his most recent motion for leave to amend is **DENIED**. Fed.R.Civ.P. 15(a).

tion claim was not investigated.) Plaintiff appealed that finding to the MSPB which, following an August 1992 hearing, adopted the factual findings of the arbitrator; found plaintiff's race discrimination and retaliation claims both without merit; determined that plaintiff was terminated for just cause; and affirmed plaintiff's seven-and-a-half-month suspension. *Id.* at 376, 378, 380, 382, 384. Exhausting the last of his administrative remedies, plaintiff appealed the MSPB's decision to the Equal Employment Opportunity Commission ("EEOC").[4] Hearing just plaintiff's discrimination arguments, the EEOC found it lacked jurisdiction over (and therefore did not address) plaintiff's retaliation claim. Doc. 22, ex. A at 1, n. 2. The EEOC concurred with the MSPB regarding plaintiff's racial discrimination claim. *Id.* at 6. This appeal followed.

On appeal, plaintiff challenges the administrative findings below regarding all three of his claims, *i.e.*, whether he was (1) terminated/suspended for just cause; and whether his termination/suspension constitutes (2) racial discrimination or (3) retaliation. *See* docs. 3, 25.

## II.

■ A motion for summary judgment should be granted only if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The Court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-movant.

4. Nonetheless, it is the decision of the MSPB, not that of the EEOC, which the Court reviews. 5

*Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The Court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine if there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510–11. The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251–52, 106 S.Ct. at 2512.

## III.

■ The Court's role in a "mixed" discriminatory and non-discriminatory appeal, such as here, is two-fold. Regarding non-discriminatory factors (the claimed lack of "just cause"), the Court's inquiry is limited to determining whether the MSPB's findings are:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

*Riehle v. Stone,* No. 94–1649, 1994 WL 659156, *2, 1994 U.S.App. LEXIS 33242, at *4 (6th Cir. Nov. 22, 1994) (quoting 5 U.S.C. § 7703(c)). With respect to discriminatory factors (the alleged race discrimination and retaliation), the Court need not defer to the MSPB, and must undertake, on a *de novo* basis and under § 7703(c), the disparate treatment analysis common to Title VII employment discrimination cases. *See, e.g., McGruder v. Frank,* 825 F.Supp. 1300, 1308–10 (S.D.Ohio 1992), *aff'd,* 995 F.2d 1067 (6th Cir.1993).

### A. MSPB's Non–Discriminatory Findings

Having fully considered the evidence of record, the Court finds the MSPB's decision—that plaintiff was terminated/suspended for "such [just] cause as promotes the efficiency of the [Postal] [S]ervice," doc. 23 at

U.S.C. § 7702(b)(5)(A).

378—is neither arbitrary or capricious, nor otherwise violative of § 7703(c).

■ With respect to the initial decision to terminate plaintiff, for example, the MSPB correctly found that "disrespectful verbal outbursts towards superiors undermine management's capacity to maintain employee efficiency and discipline." *Id.* Moreover, as the MSPB also correctly found, plaintiff's verbal outburst was not the first time he was disciplined; during his eight-year Postal Service tenure, plaintiff was disciplined six times, including a seventy-day suspension for falsifying a leave request form. *Id.* at 382–83. Both factors constitute substantial evidence in support of the MSPB's "just cause" finding on this point. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ Substantial evidence also supports the MSPB's decision to uphold plaintiff's suspension on "just cause" grounds. To that end, the MSPB correctly found that plaintiff, in "verbally abus[ing] his supervisor openly in front of another employee," committed "aggravated" and "serious" misbehavior on the job. Doc. 23 at 384.

**B. MSPB's Discriminatory Findings**

■ As a preliminary matter, the Court questions whether it even has jurisdiction over plaintiff's retaliation claim, since both the Postal Service and EEOC declined to review the merits of the claim administratively. Assuming, *arguendo,* that jurisdiction over the claim exists, the claim lacks merit, since plaintiff can complain only of retaliation committed against him because he engaged in Title VII protected activity, such as filing an EEOC charge. *EEOC v. Ohio Edison Co.,* 7 F.3d 541, 542–43 (6th Cir.1993) (citing 42 U.S.C. § 2000e–3(a)). Here, on the other hand, plaintiff complains that he was retaliated against because he filed for workers' compensation benefits unrelated to the facts of this case.[5] Doc. 23 at 380.

■ With regard to his racial discrimination claim, the Court notes that plaintiff com-

plains he was treated differently than similarly situated, white Postal Service employees. In disagreeing with that contention, the MSPB relied upon administrative testimony by those employees. *See id.* at 379. To conduct its *de novo* review, the Court must also consider that testimony, which is contained in a transcript exceeding two-hundred pages in length. Recognizing that the Postal Service has not provided transcript citations for the Court's review, and that the duty to do so rests with the Postal Service, *Inter-Royal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990), the Court declines to consider this issue on summary judgment until after the Postal Service provides the needed transcript cites.

**IV.**

The Court therefore GRANTS the Postal Service's summary judgment motion, and DENIES plaintiff's cross summary judgment motion, regarding whether plaintiff was terminated or suspended without the required "just cause," or retaliated against. The MSPB's findings in that regard—*i.e.,* that plaintiff was (1) terminated/suspended for just cause, and (2) not retaliated against— are thus **AFFIRMED.**

In addition, the Court STAYS a ruling on both parties' summary judgment motions regarding whether the Postal Service terminated or suspended plaintiff on account of his race. As to that one remaining issue, the Postal Service shall file a brief, within fifteen days of its receipt of this Order, which sets forth proper hearing transcript citations. Plaintiff may, but is not required, to file an opposing citation brief within the next seven days. The Court will rule thereafter on the merits of the discrimination claim.

**IT IS SO ORDERED.**

---

5. Even if plaintiff's initial and amended complaints are read as somehow setting forth a retaliation claim on actionable, non-discriminatory grounds, such a claim would still lack merit because the termination/suspension at issue is supported by "just cause." *See supra,* § III(A).