UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CAROLYN D. WILSON,
Plaintiff-Appellant,

v.

No. 97-2252

MICHAEL F. DIMARIO; JEROME
LATTISAW,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-95-1109-MJG)

Submitted: March 17, 1998

Decided: March 31, 1998

Before NIEMEYER and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael B. Green, Towson, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Charles J. Peters, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Carolyn Wilson appeals from the district court's order granting the Defendants' motion for summary judgment and dismissing her Title VII[1] complaint in which she raised claims of sexual harassment and retaliation. On appeal, Wilson challenges the district court's findings that she failed to establish a prima facie case of sexual harassment and that she failed to exhaust her administrative remedies concerning her retaliation claim. She also alleges that her supervisor can be held individually liable for sexually harassing her. Finding no error, we affirm.

From 1991 to 1994, Wilson worked at the Government Printing Office ("GPO") warehouse in Laurel, Maryland. In January 1994, Wilson filed a complaint alleging sexual harassment by her supervisor, Jerome Lattisaw. Specifically, Wilson alleged that Lattisaw used inappropriate language in December 1992. The agency's EEO office immediately investigated the complaint. Wilson was transferred to the agency's main office in Washington, D.C., in February 1994.[2] Wilson filed a second complaint in March 1994 alleging sexual harassment by Lattisaw from the summer of 1991 through 1993. After receiving a right to sue letter, Wilson filed the instant complaint in district court.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson

_____

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e-2000e-17 (West 1994 & Supp. 1997).

[2] Significant evidence was presented suggesting that Wilson requested this transfer. However, in her complaint, she alleged that the transfer was involuntary and retaliatory. For purposes of summary judgment, the district court properly assumed that the transfer was involuntary.

2

v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, we must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted the Defendants' motion.

To establish a prima facie case of sexual harassment, Wilson must show that: (1) the alleged misconduct was unwelcome; (2) the alleged misconduct was based on her sex; (3) it was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer. See Spicer v. Virginia Dep't of Corrections, 66 F.3d 705, 709-10 (4th Cir. 1995). This court has interpreted the fourth element as imposing employer liability only in cases where the employer knew or should have known about the alleged harassment and took no adequate steps to correct the situation. See id. at 710; Andrade v. Mayfair Management, Inc., 88 F.3d 258, 261 (4th Cir. 1996).

In the present case, the district court concluded that there were material issues of fact as to the first three elements. However, the court found that Wilson could not establish the fourth element. While there was some controversy over whether the employer knew or should have known about the alleged harassment, we agree with the district court's finding that there were no genuine issues of material fact concerning the steps taken by the GPO to remedy the situation. Wilson was transferred to another facility approximately one month after filing her complaint, and she conceded that the harassment stopped after the transfer.**3** While Wilson alleges that Lattisaw should

_____

**3** Below and on appeal, Wilson alleged that the harassment resumed when she was eventually transferred back to the Laurel facility. However, like the district court, we will not consider this aspect of Wilson's claim because she did not raise it in her initial or proposed amended complaints in federal district court, nor did she raise it in an administra-

3

have been the one transferred, this court has never required an employer to make the most effective or convenient response to avoid liability; only an adequate one. See Spicer, 66 F.3d at 710. Since the harassment stopped after Wilson's transfer, we find that the district court properly granted summary judgment based on the GPO's adequate remedial actions.

We also reject Wilson's assertion that the district court erred by dismissing her retaliation claim for failure to exhaust. Wilson alleges that Defendants retaliated against her by transferring her to Washington, D.C., in February 1994, but she did not raise this claim in her March 1994 administrative complaint. Wilson relies on the general rule which states that she may raise a retaliation claim for the first time in federal court, without exhausting her administrative remedies. See Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992) (holding that it is counterproductive to require a plaintiff to file a subsequent complaint for retaliation resulting from the filing of her initial complaint). However, this general rule does not apply in cases such as this where Wilson could have alleged retaliation in her March 1994 administrative complaint. See Riley v. Technical & Management Servs. Corp., 872 F. Supp. 1454, 1459-60 (D. Md. 1995) ("Plaintiffs must exhaust their administrative remedies when the alleged retaliation could have been raised in the original EEOC complaint."), aff'd, 79 F.3d 1141 (4th Cir. 1996) (unpublished); see also Ang v. Procter & Gamble Co., 932 F.2d 540, 547 (6th Cir. 1991); Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 545 n.2 (7th Cir. 1988).

Finally, we find that the district court properly dismissed Wilson's complaint against Lattisaw in his individual capacity. Federal employees must name the department or agency head as the defendant in any Title VII claim.**4** We agree with the other courts which have

_____

tive complaint. See Molhotra v. Cotter & Company , 885 F.2d 1305, 1312 (7th Cir. 1989) (holding that claim was barred because it was not raised in prior administrative charge and charge which was filed pertained to an earlier time period, a different type of harassment, and involved different people). Wilson's complaints only alleged misconduct during the time up to and including her transfer to Washington, D.C.

**4** 42 U.S.C. § 2000e-16(c) (1994).

4

addressed this issue and find that the department or agency head is the only proper defendant in cases alleging a violation of Title VII and that federal employees cannot be held liable in their individual capacities. See Soto v. United States Postal Serv., 905 F.2d 537, 539 (1st Cir. 1990); Newbold v. United States Postal Serv., 614 F.2d 46, 47 (5th Cir. 1980).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5