Samuel **MARTIN,** Vivian Martin, and their conjugal partnership, Plaintiffs,

v.

Marvin T. **RUNYON,** Postmaster General and Hiram Gonzalez, Defendants.

No. CIV. 97–1244 HL.

United States District Court, D. Puerto Rico.

July 29, 1998.

Jeffrey M. Williams–English, Indiano, Williams & Weinstein–Bacal, Hato Rey, PR, for Plaintiffs.

Lillian E. Mendoza–Toro, U.S. Attorney's Office, District of P.R., Hato Rey, PR, for Defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is a motion for partial dismissal filed by the United States Government on behalf of Defendants. Plaintiffs are Samuel Martin, his wife Vivian, and their conjugal partnership. They bring this claim pursuant to the Rehabilitation Act of 1973 [1] and the Federal Tort Claims Act ("FTCA").[2] Samuel is an employee of the United States Postal Service in Puerto Rico. Defendant Hiram González is the postmaster at the post office where Samuel works. The other named defendant is the Postmaster General.

In its motion, the Government does not specify what type of motion to dismiss it is presenting. Because the Government's arguments go to the Court's jurisdiction to hear some of these claims, the motion shall be treated as one pursuant to Rule 12(b)(1). In ruling on such a motion, the Court must liberally construe the complaint and take as true Plaintiffs' well-pled factual allegations. *Aversa v. United States,* 99 F.3d 1200, 1209–10 (1st Cir.1996). Plaintiffs make the following allegations. In 1992, Samuel was diagnosed as suffering from heart ailments, and he underwent treatment for them in June of that year. He returned to work at the post office, but both his doctor and the Postal Service's contracted doctor had ordered that he be limited to light work. A few days after his return, on June 23, 1992, he distributed mail from 7:00 a.m. to 1:00 p.m. Later that afternoon, González drove Samuel to Yauco so that he could deliver the express mail. He worked there for approximately two and a half hours. Samuel next had to make several trips to carry letters and parcels from a collection box to González' vehicle. At 4:45 p.m. that same day, González then ordered Samuel to deliver another route. By that time Samuel had been working nine hours. On this route he had to carry a 25–pound delivery bag. He became dizzy and fainted. He told González that he was not feeling well, but González insisted that he keep working. Vivian happened to drive by. When she saw her husband in a weakened state, she questioned González. He relented and let Samuel stop for the day. Vivian drove him from the post office to the hospital, where he stayed for a week. He was diagnosed as having suffered a syncope, angina pectoris, and a blow to the head.

Plaintiffs further claim that Samuel was subjected to additional adverse employment actions, including being forced to transfer to

---

1. 29 U.S.C.A. §§ 701–797b (West 1985 & Supp. 1998).

2. 28 U.S.C.A. §§ 1346(b), 2671–2680 (West 1993 & 1994 & Supp.1998).

another station; being ordered to exert himself at work beyond the limits proscribed by his doctors; having his working hours reduced; and having his health plan canceled. They also complain of the fact that Samuel was forced to continue to work under González' supervision. They claim that González continued to harass Samuel; that the Postal Service failed to reasonably accommodate Samuel; and that the Service acted with an intentional and reckless disregard for Samuel's health. Samuel pursued the Postal Service's own internal administrative remedies for these grievances. The matter came before an administrative law judge who ruled that the Postal Service had violated the Rehabilitation Act.

Plaintiffs claim that Samuel is entitled to damages pursuant to the Rehabilitation Act. They also claim that both Samuel and Vivian are entitled to relief under the FTCA. In its motion for partial dismissal, the Government argues that the Rehabilitation Act claim should be dismissed as against González. It further argues that the FTCA claims should be dismissed in their entirety. Plaintiffs have opposed the motion. For the reasons set forth below, the Court grants the Government's motion.

## DISCUSSION

### 1. The proper defendants under the Rehabilitation Act claim

██ As mentioned above, a court ruling on a Rule 12(b)(1) motion must liberally construe the complaint and take all well-pled factual allegations as true. *Aversa*, 99 F.3d at 1209–10. Additionally, the court may consider any evidence that the parties have submitted in support of their briefs. *Id.* 99 F.3d

at 1210. The Government argues that the Postmaster General is the only proper defendant in the Rehabilitation Act claim. The remedies, rights, and procedures under Title VII are available to federal employees bringing discrimination claims under the Rehabilitation Act. 29 U.S.C.A. § 794a; *Nunnally v. MacCausland*, 996 F.2d 1, 2 (1st Cir.1993); *McGuinness v. United States Postal Service*, 744 F.2d 1318, 1319–20 (7th Cir.1984). Under these procedures, a federal employee bringing a discrimination claim may only name as a defendant the head of the agency, unit, or department. 42 U.S.C.A. § 2000e–16(c) (West 1994); *Chergosky v. Hodges*, 975 F.Supp. 799, 801 (E.D.N.C.1997). In suits brought by postal workers, the Postmaster General is the only permissible defendant. *Soto v. United States Postal Service*, 905 F.2d 537, 539 (1st Cir.1990); *Meyer v. Runyon*, 869 F.Supp. 70, 76 (D.Mass.1994). Any claims against the local postmaster or other postal employees must be dismissed. *Soto*, 905 F.2d at 539; *Kirkland v. Runyon*, 876 F.Supp. 941, 943 n. 1 (S.D.Ohio 1995). Therefore, the claims under the Rehabilitation Act against González must be dismissed.[3]

### 2. The FTCA claims

██ The Government also moves to dismiss the Plaintiffs' claims under the FTCA. In support of its motion, the Government has submitted the sworn declaration of Catherine Chapman, a paralegal for the Postal Service. In her declaration she states that Vivian Martin has never filed an administrative claim with the Postal Service. Plaintiffs have not rebutted this evidence. They have submitted an excerpt from the administrative law judge's decision, but they have neglected

---

**3.** In their opposition to the motion to dismiss, Plaintiffs argue that "a Bivens type action may ensue against Mr. Gonzalez personally." There are two reasons why this perfunctorily raised argument will not prevent the dismissal of González from this action. First, Plaintiffs do not specify a *Bivens* claim in their complaint, and the allegations therein do not support a claim for a constitutional violation. Second, as discussed in part 2 of this opinion, employee relationships in the Postal Service are covered by the Civil Service Reform Act. Generally, the Civil Service Reform Act's coverage of employment disputes will prevent a federal employee from bringing a

*Bivens* action. *See Schweiker v. Chilicky*, 487 U.S. 412, 422–423, 108 S.Ct. 2460, 2467–68, 101 L.Ed.2d 370 (1988); *Bush v. Lucas*, 462 U.S. 367, 385–90, 103 S.Ct. 2404, 2414–17, 76 L.Ed.2d 648 (1983); *Robbins v. Bentsen*, 41 F.3d 1195, 1201–03 (7th Cir.1994); *Jones v. Tennessee Valley Authority*, 948 F.2d 258, 263–64 (6th Cir. 1991); *Saul v. United States*, 928 F.2d 829, 838–40 (9th Cir.1991); *Spagnola v. Mathis*, 859 F.2d 223, 228–30 (D.C.Cir.1988) (per curiam); *Bolivar v. Director of the FBI*, 846 F.Supp. 163, 167–69 (D.P.R.1994), *aff'd* 45 F.3d 423, 1995 WL 8858 (1st Cir. Jan. 11, 1995) (unpublished opinion).

to provide the page from the decision that identifies who is bringing the claim. The decision refers to "Complainant" in the singular form, indicating that only Samuel brought the claim.[4] Thus, it appears that Vivian has never filed an administrative claim. A federal court has no jurisdiction to hear a cause of action under the FTCA unless the plaintiff has first presented a written administrative claim for a sum certain. *Coska v. United States*, 114 F.3d 319, 323 n. 8 (1st Cir.1997); *Corte–Real v. United States*, 949 F.2d 484, 485–86 (1st Cir.1991). Because Vivian has failed to comply with this administrative requisite, her claim must be dismissed.

■ The analysis of the viability of Samuel's FTCA claim travels a different path, although the outcome is the same. Plaintiffs argue that Samuel's internal claim with the Postal Service satisfies the FTCA's requirements for making an administrative claim. Even assuming that this is true, the Court must dismiss Samuel's FTCA claim. Employment controversies within the Postal Service are generally governed by the Postal Reorganization Act ("PRA"), 39 U.S.C.A. §§ 1001–1011 (West 1980 & Supp.1998). *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir.1998); *Soto v. Runyon*, 13 F.Supp.2d 215, 223 (D.P.R.1998). The PRA incorporates Chapter 75 of the Civil Service Reform Act, 5 U.S.C.A. §§ 7501–7543 (West 1996 & Supp.1998). *See* 39 U.S.C.A. § 1005(a)(1). The remedial scheme thus created preempts a postal employee's tort-based claims under the FTCA. *Kennedy*, 145 F.3d 1077, 1078; *Kroll v. United States*, 58 F.3d 1087, 1092 (6th Cir.1995); *Am. Postal Workers Union v. United States Postal Service*, 940 F.2d 704, 708–09 (D.C.Cir.1991); *Soto*, 13 F.Supp.2d at 223–24; *Rhoades v. United States*, 953 F.Supp. 203, 206–07 (S.D.Ohio 1996); *see also Roth v. United States*, 952 F.2d 611, 614 (1st Cir. 1991) (The Civil Service Reform Act preempts federal employees' state law challenges to employment practices). Because Samuel's FTCA claim is preempted, it too must be dismissed.

WHEREFORE, the Court grants the Government's motion for partial dismissal (docket no. 5). Accordingly, the Court dismisses all claims against Hiram González, the claims of Vivian Martin, the claims of the conjugal partnership, and Samuel Martin's FTCA claims. There only remains pending Samuel Martin's claim under the Rehabilitation Act.

**IT IS SO ORDERED.**