Juan LAYME Plaintiff

v.

Virginia MATIAS, et al Defendants

No. 98–1357 (JAG).

United States District Court, D. Puerto Rico.

Nov. 30, 2001.

Mirta E. Rodriguez–Mora, Montijo & Morales, San Juan, PR, for Plaintiff.

Fidel A. Sevillano–Del–Rio, Attorney's Office District of P.R., Civil Division, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Juan Layme ("Layme") brought suit against defendants Virginia Matias ("Matias"), John Malave ("Malave"), Rafael De Jesus ("De Jesus"), John Doe, Richard Roe, and the United States Postal Service ("USPS") pursuant to Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e et seq.), and Article 1802 of the Puerto Rico Civil Code (31 L.P.R.A. § 5141). Defendants have moved for dismissal and for summary judgment (Docket No. 27), contending that Layme cannot prevail as a matter of law. Upon review of the record the Court grants the motion and dismisses the complaint.

## FACTUAL BACKGROUND

The following facts are undisputed. Layme, of Peruvian origin, works for the USPS as a Pool and Relief Clerk at the Main Office Window in Hato Rey, Puerto Rico. (Docket 27, Motion for Summary Judgment at 5). In 1997, Layme applied to be promoted to the position of Supervisor of Customer Services. After conducting interviews, a committee consisting of the Human Resources Specialist, the Manager of Post Office Operations, and the Financial Systems Coordinator, recommended individuals for this position to defendant, Matias, who ultimately decided who would be awarded the job. (Id.) Matias was the Manager of Customer Service Operations. (Id.) This 3–person committee did not recommend Layme to Matias as a candidate for promotion because

Layme failed to concretely answer questions posed by the committee. (Id.) On April 4, 1997, Layme learned that he was not selected for this position. (Id. at 3). He brought this claim on April 6, 1998.

Subsequently, during Layme's continued work as a Pool and Relief Clerk, defendant De Jesus, Manager of the Postal Services' Main Office Window ("MOW"), temporarily relocated Layme to other Post Office stations on two different occasions. (Docket 27, Motion for Summary Judgment at 5). De Jesus assigned Layme to work at the Postal Service station in Cupey in 1998, and in Caparra from March 6, 1999 to April 2, 1999.(Id.) De Jesus assigned Layme to these stations pursuant to a rotation schedule approved by the Postal Service and the Puerto Rico Area Local 1070 of the American Postal Workers Union, AFL–CIO. (Id.)

## DISCUSSION

### I. Summary Judgment Standard

In the context of summary judgment, the plaintiff must show that there is a genuine issue of material fact. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[A] material fact is 'genuine' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To make this assessment in a given case, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *See Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). When carrying out that task, the Court

may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *See Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). The issue before the court is "not whether [it] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. *See also Lipsett*, 864 F.2d at 895 (1st Cir.1988)

### II. Anti–Ferret Rule 311.12

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement "will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." (Emphasis supplied.) The First Circuit has consistently upheld the validity of Local Rule 311.12. *See, e.g., Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir.2001); *Rivas v. Federacion de Asociaciones Pecuarias*, 929 F.2d 814, 816 n. 2 (1st Cir.1991).

 Layme has failed to file a statement of contested material facts. As a result, Layme has failed to comply with the so-called "anti-ferret rule," as he has not presented a concise statement of material facts as to which there is a genuine issue to be tried. The Court is not required to "ferret through the record" lurking for facts that may favor plaintiffs when those facts were not proffered under a counterdesignation of facts as required by

Local Rule 311.12. *See Morales*, 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *See Mendez Marrero v. Toledo*, 968 F.Supp. 27, 34 (D.P.R.1997); *Tavarez v. Champion Prods., Inc.*, 903 F.Supp. 268, 270 (D.P.R.1995).

Here, Layme took the risk "to sit idly by and allow the summary judgment proponent to configure the record."[1] *See Kelly v. United States*, 924 F.2d 355, 358 (1st Cir.1991). Although the nonmovants' failure to provide a statement of contested material facts with specific references to the record does not automatically warrant the granting of summary judgment, "it launches [their] case down the road towards an easy dismissal." *See Mendez Marrero*, 968 F.Supp. at 34. Since all material facts in defendants' statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, defendants are entitled to judgment as a matter of law.

### III. Title VII is Layme's Sole Remedy

■ In his complaint, Layme claims the defendants' actions entitle him to judgment under several theories of law. Layme claims that defendants deprived him of due process under the Fifth and Fourteenth Amendments of the United States Constitution. (Docket 1, Complaint at 4). Layme further claims defendants violated his right to equal protection under the law. (Id.). Layme also claims damages under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5142. (Id). Finally, Layme claims damages under Title VII of the 1964 Civil Rights Act. (Docket 9, Amended Complaint at 4).

■ It is well settled that USPS employees may claim damages under Title VII if they are subjected to discriminatory treatment. *See Soto v. U.S. Postal Service*, 905 F.2d 537, 539 (1st Cir.1990); *Jensen v. Frank*, 912 F.2d 517 (1st Cir.1990). Title VII, however, provides the exclusive judicial remedy for claims of discrimination in federal employment. *See Brown v. G.S.A.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). "[W]here the gravamen of the complaint is Title VII discrimination, the only remedy available is under Title VII." *See Rivera–Rosario v. U.S. Dep't of Agric.*, 151 F.3d 34, 38 (1st Cir. 1998). Given that the thrust of Layme's allegations are premised on discrimination and that all claims asserted in the complaint arise from the same underlying conduct, all non-Title VII causes of action must be dismissed. *See Rivera v. Dalton*, 77 F.Supp.2d 220, 224 (D.P.R.1999).

### IV. Improper Parties

■ Title VII requires that all claims be brought against the "head of the department, agency, or unit as appropriate." 42 U.S.C. § 2000e-i6(c). In claims brought against the Postal Service, the Postmaster General is the only properly named defendant. *See Soto v. USPS*, 905 F.2d 537, 539 (1st Cir.1990); *Rys v. USPS*, 886 F.2d 443, 445 (1st Cir.1989). Plaintiff names five defendants, including the United States Postal Service, but fails to name the Postmaster General. Accordingly, the Court finds that Layme sued the wrong parties and that all Title VII claims brought against all other defendants, including the U.S. Postal Service and the local postmaster, should be dismissed. *See Soto v. USPS*, 905 F.2d at 539.

---

1. Along with their opposition to summary judgment, Layme filed a two page statement consisting of eight contested facts, with no reference to the record.

## V. Layme's claim under Title VII

Even if Layme had named the Postmaster General as a party to this litigation, his case would fail as a matter of law. Title VII makes it an unlawful employment practice for an employer to discriminate against any individual based on his/her national origin. *See* 42 U.S.C. § 2000e–2(a)(1).

■ Under Title VII, a discrimination case can be established in one of two ways: first, through direct evidence of discrimination or, second, through the cumulative effect of indirect evidence of the employer's motivation. *See Lipsett v. Univ. of Puerto Rico,* 864 F.2d 881, 909 (1st Cir. 1988). In this case, Layme did not proffer direct evidence of discrimination by defendants on account of his national origin. Absent direct evidence of intentional discrimination, a Title VII plaintiff alleging disparate treatment must employ the burden-shifting-framework enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Mulero–Rodriguez v. Ponte, Inc.,* 98 F.3d 670, 673 (1st Cir.1996).

■ Under *McDonnell Douglas,* Layme bears the initial burden of establishing a prima facie case of Title VII discrimination. *See McDonnell Douglas Corp.* 411 U.S. at 802, 93 S.Ct. 1817. The specifications of the prima facie proof vary depending on the nature of the discrimination claim. *See Id.* n. 13. In general, an employee alleging national origin discrimination must first establish a prima facie case by showing that: (1) he belonged to a protected class, (2) he performed his job satisfactorily, (3) his employer took an adverse employment decision against him, and (4) someone with similar qualifications, and not within the protected class, did not

received the same adverse treatment. *See Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 54 (1st Cir.2000).

## VI. The Prima Facie Case

Layme claims that he was wrongfully denied promotion because of his national origin, and that he was wrongfully relocated on two occasions. (Docket 27, Motion for Summary Judgment at 7). Layme further alleges that defendants denied his requests to be transferred to another office, while three other employees were transferred at their request. (Id. at 8). Layme also complains that De Jesus spied on him, and followed him to the bathroom on several occasions. (Id.)

Since the Court deems all of defendants' facts admitted, Layme factual allegations that defendants acted to discriminate against him because of his national origin are without evidentiary support. Absent evidence controverting defendants' version of the facts, Layme's claim under Title VII cannot survive summary judgment. *See, Rodriguez–Cuervos v. Wal–Mart Stores, Inc.,* 181 F.3d 15, 20 (1st Cir.1999).

■■ Layme would not convince a fact finder that he has a *prima facie* case under Title VII. Defendants' statement of uncontested material facts established that Layme was not qualified for promotion since he failed to concretely answer questions during his interview. Hence, Layme failed to comply with the second prong of the *McDonnell Douglas* test. *See, Falero Santiago v. Stryker* 10 F.Supp.2d 93, 95 (D.P.R.1998). Furthermore, Layme failed to proffer evidence showing that De Jesus treated other employees with similar qualifications in a manner different from the way he treated Layme. Thus, Layme also failed to satisfy the fourth prong of the *McDonnell Douglas* test. *See, Rodriguez–Cuervos* at 21. Accordingly, Layme's alle-

gations fail to support a cause of action as a matter of law, absent any issues of material fact. *Id.*

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion for summary judgment. Judgment shall be entered dismissing the Complaint with prejudice.

IT IS SO ORDERED.