**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BERNIE B. JOHNSON,
Plaintiff-Appellant,

v.

No. 95-3083

MARVIN RUNYON, Postmaster
General, United States Postal
Service; CARL MILES; PUSHP KOHLI,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-810-A, CA-95-811-A)

Submitted: June 4, 1996

Decided: July 19, 1996

Before HALL and WILLIAMS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bernie B. Johnson, Appellant Pro Se. Meredith Manning, Carol E.
Robbins, Marc R. Hillson, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bernie B. Johnson, appearing pro se, filed two complaints in state court that were later removed to federal court and consolidated. Johnson's original complaints, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-16 (West 1994), were dismissed for failure to exhaust administrative remedies, but the court permitted Johnson to submit an amended complaint. Johnson's amended complaint, against the United States Postal Service ("USPS") and two of its employees, alleged that the USPS discriminated against him because of his race, illegally searched his car, and sexually harassed him. The district court dismissed the action for failure to state a claim. We affirm.

Because Johnson does not challenge the conclusion that he is barred from asserting Title VII claims, his complaint is wholly void of any cognizable claims other than allegations which express some form of tortious conduct on the part of the USPS and its employees. These claims can be separated into three categories: (1) constitutional torts against the USPS; (2) constitutional torts against individual employees of the USPS; and (3) nonconstitutional torts against the USPS and its employees. All were properly dismissed, as discussed below.

I.

Johnson may maintain constitutional claims against the USPS only if the United States has waived its sovereign immunity relative to federal constitutional claims. However, the United States has not done so. Although the Postal Reorganization Act of 1970, specifically 39 U.S.C. § 401(1) (1988), authorizes the USPS "to sue and be sued in its official name," this Act does not completely eviscerate sovereign immunity. Rather, 39 U.S.C. § 409(c) (1988) restricts this waiver to

2

tort claims cognizable under the Federal Tort Claims Act ("FTCA"). Insurance Co. of N. Am. v. United States Postal Serv., 675 F.2d 756, 758 (5th Cir. 1982).

However, the FTCA waives the sovereign immunity of the United States for the tortious acts of its employees only "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b) (West 1993). Accordingly, a tort action against the United States must be cognizable in accordance with "the law of the place" or local law. McCollum v. Bolger , 794 F.2d 602, 608 (11th Cir. 1986), cert. denied, 479 U.S. 1034 (1987). However, federal constitutional torts are not included within "the law of the place," since local law and federal law by definition and terminology are different. The FTCA, then, does not waive sovereign immunity for these federal constitutional torts. Id. at 608; Brown v. United States, 653 F.2d 196, 201 (5th Cir. Unit A Aug. 1981), cert. denied , 456 U.S. 925 (1982). Thus, the district court properly dismissed the constitutional claims against the USPS.

II.

Johnson raises the same constitutional claims against two supervisors employed by the USPS. In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that an individual may recover damages for injuries sustained as a result of the violation by federal officials of an individual's constitutional rights. But, the Court further reasoned that this doctrine has limitations. Specifically, the Court held that the Constitution may provide a cause of action for damages against federal officials, except when Congress has established an alternate remedy and has indicated, either explicitly or implicitly, that the constitutional claim should not be recognized. Id. at 396-97.

Applying this holding, the Supreme Court, in Bush v. Lucas, 462 U.S. 367 (1983), held that the plaintiff, a federal employee, could not maintain a First Amendment constitutional claim against his supervisor, since the claim for relief arose out of an employment relationship governed by procedural and substantive administrative provisions that established an effective remedy for constitutional violations by the

3

government. The comprehensive remedial scheme at issue in <u>Bush</u> was the federal civil service laws. <u>Id.</u> at 388-90.

Johnson, as a federal employee of the USPS, likewise had access to the Congressionally approved grievance procedure of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C.§ 1101 (1988).* Further, we have held that CSRA remedies are constitutionally adequate and therefore, create an insurmountable barrier to a <u>Bivens</u> suit in district court. <u>Pinar v. Dole</u>, 747 F.2d 899, 910-12 (4th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1016 (1985). In addition, to the extent Johnson attempts to raise claims of discrimination, his constitutional tort claims were properly dismissed, because Title VII is"`an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination.'" <u>Newbold v. United States Postal Serv.</u>, 614 F.2d 46, 47 (5th Cir.) (<u>quoting</u> Brown v. GSA, 425 U.S. 820, 829 (1976)), <u>cert. denied</u>, 449 U.S. 878 (1980). Accordingly, Johnson's constitutional tort claims against individual employees of the USPS were properly dismissed.

III.

Johnson's remaining claims are nonconstitutional and must be viewed under the FTCA. 39 U.S.C. § 409(c) (FTCA applies to tort claims arising out of activities of the Postal Service); <u>see also</u> <u>Insurance Co.</u>, 675 F.2d at 757. Although § 1346(b) of the FTCA permits lawsuits for money damages for claims involving"injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ," 28 U.S.C. § 2675(a) (1988) bars suit against a federal agency unless the claimant first has filed a claim with that agency.

There is no evidence in the record that Johnson presented his claims to the Postal Service. Notably, his complaint does not so allege. Accordingly, these claims were properly dismissed for failure to comply with the dictates of § 2675(a).

_____

*Defendants assert that Johnson was protected by the CSRA. Johnson does not refute the allegation.

IV.

Based on the foregoing reasoning, we affirm the dismissal of Johnson's action and deny Johnson's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5