Reber CHERGOSKY and David Chergosky, Plaintiffs,

v.

Howard HODGES, William Trueblood, and Marvin T. Runyon, Defendants.

No. 2:96–CV–52–BO(3).

United States District Court, E.D. North Carolina, Western Division.

Sept. 6, 1997.

Charles Dudley Coppage, Kill Devil Hills, NC, for plaintiffs.

Robert Skiver, Asst. U.S. Atty., Raleigh, NC, for defendants.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss Individual Defendants and Tort Claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court will GRANT this motion.

## BACKGROUND

Plaintiffs Reber and David Chergosky bring this action against Howard Hodges and William Trueblood (hereinafter referred to, collectively, as the "individual Defendants"), both of whom are employees of the United States Postal Service (the "USPS"), and against Marvin T. Runyon, Jr. ("Runyon"), the United States Postmaster General. Plaintiff Reber Chergosky, an employee of the USPS, asserts claims of gender discrimination, sexual harassment, retaliatory actions and discharge, and hostile work environment (Claims I–IV) under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq., as amended. Reber Chergosky also alleges intentional infliction of emotional distress (Claim V). Plaintiff David Chergosky, Reber Chergosky's husband and not an employee of the USPS, asserts a claim for loss of consortium (Claim VI). Plaintiffs filed their complaint on October 21, 1996. All of the claims stem from the same nucleus of alleged incidents occurring at the Elizabeth City branch of the USPS since July 23, 1994, when Reber Chergosky's employment with the USPS began.

The individual Defendants made the instant Motion to Dismiss on January 21, 1997, arguing that Reber Chergosky's exclusive remedy is Title VII, which allows her to seek recourse only against the appropriate agency head, Runyon. The individual Defendants further asserted that the Plaintiffs' claims for intentional infliction of emotional distress and loss of consortium are barred because Title VII provides the exclusive judicial remedy here.

On February 28, 1997, the United States, through the Acting United States Attorney for the Eastern District of North Carolina, filed a Certification of Scope of Employment and Notice of Substitution, certifying that the individual Defendants were acting within the scope of their employment at the time of the conduct alleged in the Plaintiffs' complaint. The individual Defendants argued, in an accompanying memorandum, that the United States should therefore be substituted for Defendants Hodges and Trueblood pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The Defendants further contended that Plaintiffs failure to comply with the requirements of the FTCA requires the dismissal of the tort causes of action (Claims V and VI) for lack of subject matter jurisdiction.

Plaintiffs subsequently argued that the Certification was not timely filed, or, in the alternative, that the alleged acts of the individual Defendants were not within the scope of their employment.

## ANALYSIS

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should only be granted in limited circumstances. *De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir.1991); *Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989). Inferences should be construed in the light most favorable to the party opposing the motion, and the motion should be granted only if that party has no chance of prevailing on the merits of its argument.

When a defendant, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, challenges the court's subject matter jurisdiction to entertain a claim against the federal government, the plaintiff bears the burden of persuasion, because " 'the party who sues the United States bears the burden of pointing to an unequivocal waiver of immunity.' " *Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995) (quoting *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied,* 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984)). In ruling on a 12(b)(1) motion the trial court " 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.' " *Id.* (quoting *Mortensen v. First Federal Savs. & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991), *cert. denied,* 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992).

## The Title VII Claims

Plaintiffs' suit against the individual Defendants, agents of the United States Government, alleges four counts of workplace discrimination prohibited by Title VII of the Civil Rights Act of 1964. Section 717 permits civil actions by federal employees against the government, within certain carefully delineated boundaries. 42 U.S.C. § 2000e–16(c).

"It has long been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 85 L.Ed. 1058 (1941)). Indeed, the Supreme Court has specifically noted that Title VII's waiver of sovereign immunity to allow federal employees to sue the United States Government "is a condition of the waiver of sovereign immunity and thus must be strictly construed." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990).

■ By its terms, Section 717(c) allows a civil action by an aggrieved federal employee "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). Title VII thus defines the extent of the government's waiver of sovereign immunity: a federal employee may sue the government over alleged workplace discrimination, but he may only name the head of the agency, department, or unit for which he works as the defendant. See *Lassiter v. Reno*, 885 F.Supp. 869 (E.D.Va.1995), *aff'd*, 86 F.3d 1151 (4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 766, 136 L.Ed.2d 712 (1997) (non-agency head defendants motion to dismiss granted because defendants not proper parties to the action); *Soto v. U.S. Postal Serv.*, 905 F.2d 537 (1st Cir.1990), *cert. de-*

*nied*, 498 U.S. 1027, 111 S.Ct. 679, 112 L.Ed.2d 671 (1991) (Postmaster General only properly named defendant in Title VII employment discrimination action against USPS by former postal worker); *Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194 (9th Cir.1989) (same).[1]

■ This Court therefore finds that Defendant Runyon, the Postmaster General of the USPS, is the only appropriate defendant for Plaintiffs' workplace discrimination claims (Claims I–IV). As to these claims, the individual Defendants Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) must be granted.

## The Tort Claims

In proscribing federal employment discrimination and establishing a comprehensive administrative and judicial enforcement system, Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, created an "exclusive, pre-emptive ... scheme for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). The *Brown* Court unequivocally held that "Section 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id.* at 835, 96 S.Ct. at 1969.

■ In *Brown* a federal employee brought suit alleging, inter alia, racial discrimination in his workplace. To escape Title VII's time limits, which would have barred his action, Brown attempted to assert alternative grounds for jurisdiction. The Supreme Court rejected this attempt to add claims to what should have only been a Title VII action. *Id.* Similarly, the Plaintiffs in the instant action append two causes of action (Claims V, VI), wholly derivative from the alleged conduct giving rise to their Title VII claims, to the end of their complaint. Plaintiffs' non-Title VII claims must therefore be dismissed.

---

1. Plaintiffs argue at length in their response to Defendants' Motion to Dismiss that the individual Defendants may be held individually liable for their alleged actions as supervisors. This argument is unavailing, however, because it ignores the strict and explicit limitation on employment discrimination suits against the federal government by current or former federal employees discussed in the foregoing paragraph.

An alternative grounds for dismissal is provided by the FTCA. Under that law, the filing of a Certification of Scope of Employment and Notice of Substitution, attesting that government employees were acting within the scope of their employment when a claim against them arose, means "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).[2] The United States is therefore deemed substituted for the individual Defendants as to Claims V and VI under the FTCA. And, by the terms of the FTCA, a plaintiff must first "present[ ] his claim to the appropriate Federal agency and his claim shall [be] finally denied by the agency...." 28 U.S.C. § 2675(a). Failure to do so results in the dismissal of the action for lack of subject matter jurisdiction. 28 U.S.C. § 2401(b); *Gould v. U.S. Dep't of Health and Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 673, 112 L.Ed.2d 666 (1991). Plaintiffs do not carry their burden under Rule 12(b)(1) of demonstrating that they complied with FTCA procedures.

Plaintiffs' tort causes of action must therefore be dismissed pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

### CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss will be GRANTED. Plaintiffs' Title VII claims are dismissed as to Defendants Hodges and Trueblood, and Plaintiffs' tort causes of action are wholly dismissed.

SO ORDERED.

---

**2.** Plaintiffs' argument that this Certification was not timely filed is incorrect, as the FTCA does not provide for any time limit for certification and substitution.