Dr. Riaz BAQIR, M.D., Plaintiff,

v.

Anthony J. PRINCIPI, Secretary, Department of Veterans Affairs, Agency, Defendant.

No. 1:02CV179–C.

United States District Court, W.D. North Carolina, Asheville Division.

Sept. 11, 2003.

John R. Sutton, Sr., April Burt Sutton, John R. Sutton, Jr., Sutton & Edmonds, Candler, NC, for Plaintiff.

Paul B. Taylor, United States Attorney, Asheville, NC, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the Court on the motion of Defendant Anthony J. Principi, Secretary of the United States Department of Veterans Affairs, to dismiss all claims based on North Carolina law asserted in Plaintiff's Complaint. Upon consideration of the pleadings, the parties' briefs, the argument of counsel, and the applicable law, the Court will grant Defendant's motion.

## PROCEDURAL BACKGROUND

This dispute arises out of Plaintiff's employment as a cardiologist at the Veterans Affairs Medical Center ("VAMC") in Asheville, North Carolina, which employment was terminated on or about November 15, 1999. (Compl.¶ 30). On or about December 11, 1999, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant had discriminated against him and retaliated against him in violation of federal law, and on or about April 30, 2002, the EEOC issued Plaintiff a notice of right to sue. (Compl.¶¶ 31, 48).

Plaintiff then filed this action on July 29, 2002, alleging both state and federal violations related to his employment with Defendant. Specifically, Plaintiff alleged that, in terminating his employment, Defendant discriminated against him on the basis of his race, color, national origin, and religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); that Defendant discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"); that Defendant created a hostile work environment; and that Defendant retaliated against him for complaining of the unlawful discrimination in violation of Title VII. Plaintiff also alleged causes of action under North Carolina common law for breach of contract, wrongful discharge in violation of public policy, and defamation and under North Carolina General Statutes § 14–355 for blacklisting.

Defendant subsequently moved to dismiss each of Plaintiff's claims asserted under state law pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), asserting that this Court lacks subject matter jurisdiction over those claims. Plaintiff filed a response to Defendant's motion, and the Court conducted a hearing on Defendant's motion on July 21, 2003.

## MOTION TO DISMISS STANDARD

Where, as here, a defendant seeks to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1), the burden is on the plaintiff, the party asserting jurisdiction, to prove that the court has subject matter jurisdiction. *See Jones v. American Postal Workers Union,* 192 F.3d 417, 422 (4th Cir.1999); *see also Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995) ("The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1) . . . because '[t]he party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity.'" (quoting *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983)) (citation omitted) (brackets in original)). A motion to dismiss under Rule 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). When evaluating its jurisdiction, a court is to regard the pleadings as evidence on the issue but may also consider evidence outside the pleadings without

converting the motion to one for summary judgment. *See Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir.1999).

## DISCUSSION

■ Defendant first argues that Plaintiff's state law claims, as set forth in Counts V, VI, VII, and VIII of the Complaint are due to be dismissed because Plaintiff, as a federal employee, is limited to the relief afforded by Title VII in asserting his claims for employment discrimination. The Court agrees.

As originally enacted, Title VII did not protect federal employees, such as Plaintiff. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 825, 96 S.Ct. 1961, 1964, 48 L.Ed.2d 402 (1976). At that time, while employment discrimination against federal employees violated both the United States Constitution and the United States Code, it was far from clear that such employees had access to administrative or judicial relief, largely because such actions were barred by the doctrine of sovereign immunity. *See id.,* 425 U.S. at 825–26, 96 S.Ct. at 1964–65. In 1972, however, Title VII was amended to permit civil actions by federal employees against the government and further provided for "a careful blend of administrative and judicial enforcement powers." *Id.,* 425 U.S. at 833, 96 S.Ct. at 1968; *see also* 42 U.S.C. § 2000e–16(c). On the basis of this comprehensive and specific remedial scheme, as well as a consideration of the structure of the Act and its legislative history, the Court in *Brown* held that § 2000e–16 "provides the exclusive judicial remedy for claims of discrimination in federal employment" and that it lacked subject matter jurisdiction to consider the federal employee plaintiff's claim of employment discrimination under 42 U.S.C. § 1981. *Brown,* 425 U.S. at 835, 96 S.Ct. at 1969. In so holding, the Court noted that if § 2000e–16 were not held to preempt other remedies, "[t]he crucial administrative role that each agency together

with the Civil Service Commission was given by Congress in the eradication of employment discrimination would be eliminated 'by the simple expedient of putting a different label on [the] pleadings.'" *Id.,* 425 U.S. at 833, 96 S.Ct. at 1968 (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973)).

Although the Fourth Circuit has not published a decision interpreting *Brown* in the context of state law claims, the Fifth Circuit has held that "when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption" by Title VII. *Pfau v. Reed,* 125 F.3d 927, 932 (5th Cir.1997) (quoting *Rowe v. Sullivan,* 967 F.2d 186, 189 (5th Cir.1992)), *vacated and remanded on other grounds,* 525 U.S. 801, 119 S.Ct. 32, 142 L.Ed.2d 24 (1998), *pertinent holding reinstated,* 167 F.3d 228, 229 (5th Cir. 1999). In *Pfau,* the Fifth Circuit affirmed the dismissal of the plaintiff's intentional infliction of emotional distress claim under state law where this claim arose out of the same facts supporting the plaintiff's claim of employment discrimination. *See id.* at 932–34; *see also Chergosky v. Hodges,* 975 F.Supp. 799, 801 (E.D.N.C.1997) (dismissing intentional infliction of emotional distress and loss of consortium claims where federal employee plaintiff complained of employment discrimination and tort claims were "wholly derivative from the alleged conduct giving rise to [her] Title VII claims"). Other courts have held that Title VII's preemption of employment discrimination claims asserted by a federal employee also extends to state statutory causes of action, notwithstanding the fact that "state law remedies parallel or complementary to those of Title VII may be available to employees in the private sector and are not preempted." *Colon v. United States Postal Serv.,* 95 F.Supp.2d

85, 87 (D.Conn.1999); *see also Mathis v. Henderson*, 243 F.3d 446 (8th Cir.2001) (dismissing state common law and statutory claims asserted by federal employee plaintiff against supervisor on the basis that those claims were preempted by Title VII, while recognizing that "[t]he situation would be different if [plaintiff] were relying on altogether different incidents to support her state-law claims"); *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir.1998) (affirming dismissal of state statutory claims for employment discrimination in federal employment based on Title VII preemption). Finally, the Court notes that in an unpublished decision, the Fourth Circuit has affirmed the applicability of *Brown* to claims of discrimination by federal employees within this circuit. *See Johnson v. Runyon*, 1996 WL 405218, at *2 (4th Cir. July 19, 1996).

 In this case, Plaintiff seeks damages for breach of contract in Count V and wrongful discharge in violation of North Carolina public policy in Count VI of his Complaint. Under each of these counts, Plaintiff asserts that he was wrongfully discharged from his employment with Defendant, allegations that are central to his Title VII claims. Under the authority cited above, then, these counts are preempted by Title VII. Plaintiff has also alleged a cause of action for defamation based on Defendant's alleged reporting of false information to the National Practitioner Data Bank, which conduct was done, according to Plaintiff, with malicious intent based on discriminatory feelings toward Plaintiff on the basis of his race, religion, national origin, and age. These allegations of fact are also central to Plaintiff's claim of unlawful retaliation under Title VII; Plaintiff's defamation claim, therefore, is also preempted by Title VII. Finally, Plaintiff has asserted a cause of action for blacklisting under North Carolina General Statutes § 14–355 and alleges, as under his defamation and Title VII retaliation causes of action, that Defendant prevented Plaintiff, through written and spoken communication, from obtaining employment with other prospective employers. As this cause of action relies on the same conduct that forms the basis for his Title VII retaliation claim, it, too, is preempted by Title VII.

In addition to his preemption argument, Defendant also argues that Plaintiff's wrongful discharge and blacklisting claims fail because he has not alleged that he exhausted his administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a); that Plaintiff's defamation claim fails because it is not cognizable under the FTCA; and that Plaintiff's breach of contract claim fails because it is preempted by the Contract Disputes Act, 41 U.S.C. § 601 *et seq.* Because the Court concludes that Plaintiff's state law claims are due to be dismissed as discussed above, it will decline to address Defendant's alternative arguments.

### ORDER

For the foregoing reasons, **IT IS ORDERED** that Defendant's Partial Motion to Dismiss (# 13) is **GRANTED.** Accordingly, Counts V, VI, VII, and VIII of the Complaint are hereby **DISMISSED WITH PREJUDICE.**