**Denise ROLAND, Plaintiff,**

v.

**John E. POTTER, Postmaster General of the United States, and Billy Pierce, individually, and in his official capacity, Defendants.**

Civil Action No. CV 103–114.

United States District Court, S.D. Georgia, Augusta Division.

April 19, 2005.

Patricia A. Chandler, Atlanta, GA, John Paul Batson, Augusta, GA, for Plaintiff.

Kenneth D. Crowder, Kyle G.A. Wallace, United States Attorney's Office, Augusta, GA for Defendants.

## ORDER

BOWEN, District Judge.

In the captioned matter, Defendants have filed a Motion for Partial Dismissal, specifically seeking dismissal of Counts II and IV of Plaintiff's Amended Complaint and Plaintiff's claim for punitive damages. Defendants also seek the dismissal of Defendant Billy Pierce. Pierce has been sued in his individual and official capacities. This motion is guided by the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6), whereby dismissal is appropriate only if it appears beyond doubt that Plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Pataula Elec. Membership Corp. v. Whitworth,* 951 F.2d 1238, 1240 (11th Cir.1992).

Plaintiff's claims arise out of her employment with the United States Postal Service. Plaintiff had worked for the Postal Service for over 20 years at the time she was demoted in February of 2003. (Am.Compl. ¶¶ 10–11.) Plaintiff was demoted to an entry-level position for allegedly selling Mary Kay cosmetics during working hours. (*Id.* ¶¶ 11–12.) Plaintiff alleges that her demotion was the result of racial discrimination and an act of retaliation for her participation in prior protected activity.

In Counts I and III of the Amended Complaint, Plaintiff asserts a racial discrimination claim and a retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended and applied to federal employees, 42 U.S.C. § 2000e–16(a). In Count II, Plaintiff asserts a claim under 42 U.S.C. § 1983. Plaintiff also asserts a state law claim for intentional infliction of emotional distress in Count IV. Finally, Plaintiff includes a claim for punitive damages in her Prayer for Relief.

Presently, Defendants seek dismissal of the Section 1983 claim of Count II and the claim for punitive damages. Plaintiff does not oppose the dismissal motion in this regard. Accordingly, Count II

(the Section 1983 claim)[1] and the claim for punitive damages[2] are dismissed.

■ Defendants also seek the dismissal of Count IV, the state law claim, and Billy Pierce as a defendant in this action. Pierce was Plaintiff's supervisor during all relevant times. Title VII prevents co-workers and supervisors of federal employees from being subject to suit. Instead, the head of the federal agency involved is the proper defendant. *See* 42 U.S.C. § 2000e–16(c); *Canino v. United States Equal Employment Opportunity Comm'n*, 707 F.2d 468, 472 (11th Cir.1983). Moreover, supervisors are not liable in their individual capacities for Title VII violations. *See, e.g., Garcia–Cabrera v. Cohen*, 81 F.Supp.2d 1272, 1278 (M.D.Ala. 2000) (dismissing Title VII claims against federal co-employees and supervisors in their individual capacities) (citing *Canino*, 707 F.2d at 472). Accordingly, Defendant Pierce is not a proper defendant to Plaintiff's Title VII claim in any capacity.

■ Similarly, because Title VII provides the exclusive avenue of redress for federal employees for discrimination claims, *see* footnote 1 *supra*, Plaintiff cannot press the state law claim against either Defendant Pierce in his official capacity or the United States Postal Service through Defendant John E. Potter. There remains at issue in the instant motion, therefore, Plaintiff's state law claim of intentional infliction of emotional distress against Defendant Pierce in his individual capacity.

Defendants argue that Plaintiff's claim for intentional infliction of emotional distress must be dismissed because Title VII's exclusivity preempts such claim. Since *Brown v. General Servs. Admin.*, footnote 1 *supra*, courts have strived to delimit the preemptive effect of Title VII over various state law claims. Some courts have allowed state law claims to stand if they seek to remedy injuries other than workplace discrimination. *See, e.g., Quillen v. United States Postal Serv.*, 564 F.Supp. 314 (E.D.Mich.1983) (refusing to dismiss assault and battery claim). There is not a clear cut answer, however, as to whether a claim for intentional infliction of emotional distress caused by discriminatory conduct seeks a different remedy than a Title VII claim, particularly in the Eleventh Circuit, which has not addressed the issue of Title VII's preemptive reach over state law claims.

In a case similar to the instant one, the Fifth Circuit affirmed the dismissal of the plaintiff's intentional infliction of emotional distress claim against her plaintiff's supervisor individually because the claim arose out of the same facts supporting the plaintiff's claim of employment discrimination. *Pfau v. Reed*, 125 F.3d 927, 932 (5th Cir. 1997), *vacated and remanded on other grounds*, 525 U.S. 801, 119 S.Ct. 32, 142 L.Ed.2d 24 (1998), *pertinent holding reinstated*, 167 F.3d 228, 229 (5th Cir.1999). The *Pfau* court held: "[W]hen a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption." *Id.* (quoting *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992)). A district court in North Carolina recently extended the *Pfau* reasoning to dismiss state law claims of breach of contract and defamation because the claims arose out of the same operative facts giving rise to the plaintiff's discrimination claims. *Baqir v. Principi*, 288 F.Supp.2d 706, 708–09 (W.D.N.C.2003).

---

**1.** Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Servs. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

**2.** Punitive damages are unavailable against a government agency. *See* 42 U.S.C. § 1981a(b)(1).

Some courts, however, have found the *Pfau* court's holding too rigid and have more closely examined the factual allegations giving rise to the intentional infliction of emotional distress claim. For instance, in *Wallace v. Henderson,* 138 F.Supp.2d 980 (S.D.Ohio 2000), the court found that the plaintiff sought redress for a "highly personal injury" that went beyond discrimination and retaliation. *Id.* at 986. In the case, an individual defendant was accused of stalking and making threats of death and serious injury. Thus, the plaintiff's intentional infliction of emotional distress claim was allowed to stand to the extent that it sought redress for a "highly personal injury" resulting from specific threats and conduct. *Id.* at 986–87; *accord Brock v. United States,* 64 F.3d 1421, 1423 (9th Cir.1995) (holding that negligent supervision claim would not be preempted where "the type of harm is highly personal"); *Brunetti v. Rubin,* 999 F.Supp. 1408, 1412 (D.Colo.1998) (dismissing the plaintiff's "extreme and outrageous conduct claim only to the extent that seeks redress for the alleged gender discrimination").

▮ In the case at bar, Plaintiff asserts no facts to support her state law claim that are different from the facts that support her employment discrimination claim. She alleges that Defendant Pierce demoted her "with reckless disregard for [her] right to be free from discriminatory treatment" in her discrimination count. (Am. Compl.¶18.) Then, in her state law count, she simply alleges that this same "extremely outrageous" conduct was "so insulting as to naturally humiliate, embarrass and frighten [her]," subjecting her to serious emotional distress. (*Id.* ¶40.) Indeed, I find that her intentional infliction of emotional distress claim is "wholly derivative from the alleged conduct giving rise to [her] Title VII claims." *See Chergosky v. Hodges,* 975 F.Supp. 799, 801 (E.D.N.C.1997). Accordingly, Title VII preempts Plaintiff's claim of intentional infliction of emotional distress against Defendant Pierce in his individual capacity. *See Mathis v. Henderson,* 243 F.3d 446 (8th Cir.2001); *Ressel v. Christie,* 2003 WL 21501957 (N.D.Tex. June 26, 2003); *Mallekoote v. Marsh,* 1991 WL 502985 (W.D.Mich., Sept. 27, 1991).

Upon the foregoing, Defendant's motion for partial dismissal (doc. no. 44) is **GRANTED.** Specifically, Counts II and IV and the punitive damages claim are **DISMISSED WITH PREJUDICE.** Also, because Plaintiff has not stated a claim against Defendant Pierce in his official or individual capacity, Defendant Pierce is **DISMISSED.** Plaintiff's Title VII claims in Counts I and III remain.